**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DASHTI SANAT LOGISTICS AND GENERAL CONTRACTING,**
Plaintiff,

v.

**UNITED STATES OF AMERICA, et al.,**
Defendants.

Case No.: 26-3042

# PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING CLASSIFIED INFORMATION, CONTROLLED UNCLASSIFIED INFORMATION, AND OTHER PROTECTED MATERIAL

Plaintiff, Dashti Sanat Logistics and General Contracting ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 26(c), respectfully moves this Court for entry of the Proposed Protective Order filed contemporaneously herewith and states:

## I. INTRODUCTION

This action challenges governmental actions taken pursuant to Section 841 of the National Defense Authorization Act ("Section 841"), including a November 24, 2021, identification memorandum issued by United States Central Command ("USCENTCOM") and a subsequent June 6, 2024, determination issued by the Department of the Army. (Exhibit 1 – November 24, 2021, USCENTCOM Section 841 Notice; Exhibit 2 – June 6, 2024, Army HCA Determination).

The Government's actions against Plaintiff are based upon information considered by USCENTCOM and subsequently relied upon by the Department of the Army in exercising Section 841 authorities. However, USCENTCOM expressly informed Plaintiff that the information underlying its determination would not be disclosed absent entry of a judicial protective order.

Specifically, USCENTCOM stated:

> "No additional information regarding my decision will be provided in the absence of a protective order issued by a court of competent jurisdiction established under Article I or Article III of the Constitution of the United States that specifically addresses the conditions upon which such classified information may be so disclosed." (Exhibit 1 – November 24, 2021, USCENTCOM Section 841 Notice).

In 2024, the Department of the Army confirmed that its Section 841 action was predicated upon the USCENTCOM memorandum, stating:

> "Pursuant to Department of Defense, Class Deviation 2024-00003, Prohibition on Providing Funds to the Enemy and Authorization of Additional Access to Records, and in response to United States Central Command identification memorandum, dated November 24, 2021, this letter is your notification of my determination to exercise the authorities outlined in Section 841 of the National Defense Authorization Act (NDAA) for Fiscal Year 2015, as amended." (Exhibit 2 – June 6, 2024, Army HCA Determination).

The Army further stated:

> "I reviewed all available information, and I have determined to void, in whole, all past Army contracts, grants, and cooperative agreements and restrict future awards for Dashti Sanat Logistics and General Contracting, all related entities, individuals, and name variants as identified in the table below." (Exhibit 2 – June 6, 2024, Army HCA Determination).

More recently, Government counsel represented that USCENTCOM intends to issue revised Section 841 materials and advised that USCENTCOM "will revise the 841-

identification memo to properly and clearly identify appellant as a covered entity." (Exhibit 3 – Government Request for Stay filed September 25, 2026).

Government counsel further represented that USCENTCOM "intends to request, in line with Section 841, that the appropriate HCA take a covered procurement action to void the specific contract at issue in this appeal in a manner that clearly complies with the Board's August 11, 2026, order." (Exhibit 3 – Government Request for Stay filed September 25, 2026).

On October 2, 2026, the Armed Services Board of Contract Appeals granted the Government's request for a 120-day stay upon a showing of good cause and stayed the proceedings until February 1, 2027, to permit USCENTCOM and the Army to undertake the corrective Section 841 actions described in the Government's motion." (Exhibit 4 – ASBCA Order Granting Stay entered October 2, 2026).

Accordingly, this litigation is reasonably expected to involve classified information, Controlled Unclassified Information ("CUI"), procurement-sensitive information, intelligence-related materials, administrative-record materials, and revised or newly created Section 841 determinations and supporting records. (Exhibits 1–3).

Because the Department of Defense has expressly stated that additional information concerning its determination will not be disclosed absent a court-issued protective order, Plaintiff respectfully requests entry of the accompanying Proposed Protective Order. (Exhibit 1 – November 24, 2021, USCENTCOM Section 841 Notice).

## II. THE DEPARTMENT OF DEFENSE HAS EXPRESSLY REQUIRED A COURT-ISSUED PROTECTIVE ORDER BEFORE DISCLOSURE OF THE UNDERLYING INFORMATION

This Motion is not based upon a speculative concern that classified or protected information may arise during litigation. Rather, the Department of Defense has expressly represented that disclosure of the information underlying the challenged Section 841 determination requires entry of a judicial protective order. (Exhibit 1 – November 24, 2021, USCENTCOM Section 841 Notice).

In its November 24, 2021, memorandum, USCENTCOM formally identified Plaintiff pursuant to Section 841 authorities and simultaneously advised:

> "No additional information regarding my decision will be provided in the absence of a protective order issued by a court of competent jurisdiction established under Article I or Article III of the Constitution of the United States that specifically addresses the conditions upon which such classified information may be so disclosed." (Exhibit 1 – November 24, 2021, USCENTCOM Section 841 Notice).

The Department of Defense therefore affirmatively conditioned disclosure of the information underlying its determination upon the existence of an appropriate judicial protective order. (Exhibit 1 – November 24, 2021, USCENTCOM Section 841 Notice).

The June 6, 2024, determination issued by the Department of the Army confirms the significance of that memorandum because the Army expressly relied upon the USCENTCOM determination in exercising Section 841 authorities against Plaintiff. (Exhibit 2 – June 6, 2024, Army HCA Determination).

Further, Government counsel has represented that revised memoranda and additional Section 841 materials may be generated during the pendency of these proceedings. (Exhibit 3 – Government Request for Stay filed September 25, 2026).

On September 25, 2026, the United States informed the Armed Services Board of Contract Appeals that USCENTCOM intends to revise the November 24, 2021, identification memorandum and initiate a new Section 841 process in response to deficiencies identified by the Board. The Government further represented that it intends to seek future relief based upon the revised identification memorandum and subsequent contracting actions. These representations confirm that additional Section 841 materials may be generated during the pendency of this litigation and further demonstrate the need for a comprehensive protective order governing the handling of protected information.

On October 2, 2026, the Board granted the Government's motion to stay proceedings for 120 days to permit those actions to occur. (Exhibit 4 – ASBCA Order Granting Stay entered October 2, 2026).

Accordingly, entry of a protective order is necessary to permit meaningful judicial review, establish procedures governing the handling of classified information and CUI, preserve any legitimate national-security interests, and provide a framework through which the Court may review the materials underlying the challenged agency action. (Exhibits 1–3).

## III. FACTUAL BACKGROUND

On November 24, 2021, USCENTCOM issued a Section 841 identification memorandum identifying Plaintiff and requesting that contracting authorities exercise available Section 841 authorities. (Exhibit 1 – November 24, 2021, USCENTCOM Section 841 Notice).

On June 6, 2024, the Army Head of Contracting Activity subsequently issued a Section 841 determination that expressly relied upon the USCENTCOM memorandum and exercised Section 841 authorities against Plaintiff. (Exhibit 2 – June 6, 2024, Army HCA Determination).

Government counsel later advised the Armed Services Board of Contract Appeals that USCENTCOM intends to issue revised Section 841 materials and pursue additional Section 841 actions in response to deficiencies identified during litigation. (Exhibit 3 – Government Request for Stay filed September 25, 2026).

Consequently, materials relevant to this litigation may include:

(a) Classified Information;

(b) Controlled Unclassified Information;

(c) intelligence-related information;

(d) procurement-sensitive information;

(e) administrative-record materials;

(f) supporting analyses, reports, and assessments;

(g) revised USCENTCOM memoranda;

(h) revised Army determinations; and

(i) newly created Section 841-related materials. (Exhibits 1, 3).

On October 2, 2026, the Board granted the Government's motion to stay proceedings for 120 days to permit those actions to occur. (Exhibit 4 – ASBCA Order Granting Stay entered October 2, 2026).

## IV. GOOD CAUSE EXISTS FOR ENTRY OF THE REQUESTED PROTECTIVE ORDER

Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause shown, to enter protective orders governing the disclosure and handling of sensitive information.

Good cause exists here for several independent reasons.

First, the Department of Defense has expressly stated that information underlying the challenged determination will not be disclosed absent a court-issued protective order. (Exhibit 1 – November 24, 2021, USCENTCOM Section 841 Notice).

Second, the challenged governmental actions are based upon the November 24, 2021, USCENTCOM memorandum and the June 6, 2024, Army determination. Meaningful judicial review requires procedures through which the Court may appropriately review and manage any protected information underlying those actions. (Exhibits 1–2).

Third, Government counsel has represented that revised Section 841 materials may be forthcoming during the pendency of these proceedings. The proposed Protective Order will provide a ready framework governing the handling of those materials if they are generated and submitted. (Exhibit 3 – Government Request for Stay filed September 25, 2026).

Fourth, the ASBCA has recognized that additional Section 841 proceedings are underway and granted the Government's request to stay related proceedings while USCENTCOM and the Army undertakes those actions. (Exhibit 4 – ASBCA Order Granting Stay entered October 2, 2026).

Fifth, the proposed Protective Order establishes comprehensive procedures governing:

(a) Classified Information;

(b) Controlled Unclassified Information;

(c) procurement-sensitive information;

(d) filing under seal;

(e) in camera review;

(f) ex parte submissions where authorized by law;

(g) preservation of administrative-record materials;

(h) disclosure limitations; and

(i) return or destruction of protected materials at the conclusion of litigation.

The proposed Order also preserves all objections, defenses, privileges, and challenges available to any party.

Plaintiff further requests that the Proposed Protective Order expressly authorize access by Attorney Salma Saikaly, who has represented Plaintiff throughout the underlying Section 841 proceedings and remains counsel of record for Plaintiff in the related proceedings before the Armed Services Board of Contract Appeals. Because the determinations challenged in this action arise from the same underlying proceedings and involve the same administrative record and related materials, Plaintiff submits that Ms. Saikaly's

participation is reasonably necessary to permit effective representation of Plaintiff and meaningful judicial review of the challenged agency action.

Ms. Saikaly possesses substantial familiarity with the factual, procedural, and administrative history underlying the Government's actions. Plaintiff therefore respectfully requests that the Court authorize Ms. Saikaly to access materials produced pursuant to the Proposed Protective Order, subject to all applicable security, classification, clearance, and access requirements imposed by law and by the terms of the Order.

## V. THE PROPOSED ORDER IS NARROWLY TAILORED

The proposed Protective Order is narrowly tailored to the specific circumstances of this case.

Among other things, the proposed Order:

(a) defines Classified Information, CUI, Protected Information, and Protected Material;

(b) creates detailed procedures governing the handling of CUI;

(c) establishes security requirements applicable to protected materials;

(d) governs sealed filings and public redactions;

(e) authorizes in camera review where appropriate;

(f) establishes procedures governing ex parte submissions were permitted by law;

(g) governs disclosure of protected materials;

(h) applies to the November 24, 2021, USCENTCOM memorandum, the June 6, 2024, Army determination, supporting administrative-record materials, and any revised Section 841 materials generated during this litigation; and

(i) preserves the rights of all parties to challenge classifications, redactions, privilege assertions, and designations. (Exhibits 1–3).

Nothing in the proposed Order determines the merits of any claim, defense, Section 841 determination, classification decision, privilege assertion, or future Government action.

## VI. ENTRY OF THE PROPOSED ORDER WILL PROMOTE JUDICIAL EFFICIENCY

Entry of the proposed Protective Order at the outset of proceedings will avoid unnecessary motion practice regarding access, dissemination, filing, review, and handling of protected materials.

Because the Department of Defense has expressly stated that additional information will not be disclosed absent a protective order, and because revised Section 841 materials may be forthcoming, establishment of a protective framework now will facilitate efficient litigation and reduce future disputes. (Exhibits 1, 3).

The requested relief therefore serves the interests of the parties, the Court, judicial economy, and meaningful review of the challenged agency action.

## VII. LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for Plaintiff conferred with counsel for Defendants regarding the relief requested in this Motion. Counsel discussed the requested relief by email and other communications concerning the proposed protective order

and the disclosure of materials underlying the challenged Section 841 determinations.

Defendants do not oppose the relief requested herein.

## VIII. CONCLUSION

The Department of Defense has expressly stated that the information underlying the challenged determination will not be disclosed absent a court-issued protective order. (Exhibit 1 – November 24, 2021, USCENTCOM Section 841 Notice).

The proposed Protective Order provides a narrowly tailored framework that protects legitimate governmental interests while enabling meaningful judicial review and orderly litigation.

Accordingly, Plaintiff respectfully requests that this Court grant this Motion and enter the Proposed Protective Order submitted contemporaneously herewith.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant this Motion;

B. Enter the Proposed Protective Order filed contemporaneously herewith;

C. Authorize the submission, handling, disclosure, review, storage, and filing of Classified Information, Controlled Unclassified Information, procurement-sensitive information, intelligence-related materials, administrative-record materials, and Section 841-related materials pursuant to the terms of the Proposed Protective Order;

D. Permit submission of appropriate materials under seal and for in camera review where warranted;

E. Provide that the Protective Order apply to any revised, supplemental, amended, or newly generated Section 841 materials created during the pendency of this litigation; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Brooke Ferenchek
BROOKE FERENCHEK, ESQ.
Florida Bar No. 665711
81 Walsonham Drive
Panama City Beach, FL 32407
Email: bferenchak@ferenchak.com
Counsel for Plaintiff
Dashti Sanat Logistics and General Contracting

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 7, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

Dated this 7th day of October 2026.

/s/ Brooke Ferenchek
BROOKE FERENCHEK, ESQ.
Florida Bar No. 665711